**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL LEWIS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civ. No. 2:21-cv-02158-SHM-tmp <br> Cr. No. 2:16-cr-20218-SHM-1 |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On March 15, 2021, Movant Michael Lewis, Bureau of Prisons register number 29893-076, an inmate then incarcerated at the United States Penitentiary in Beaumont, Texas,[1] filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.) On March 26, 2021, the Government filed the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. 2255. (ECF No. 8.) On May 3, 2021, Movant filed "Mr. Lewis' Reply to the United States response to his motion under 28 U.S. section 2255," which included a motion to amend or supplement the § 2255 motion. (ECF No. 11.) On January 29, 2024, the Government filed a Response of the United States in Opposition to Defendant's Supplemental Motion Under 28 U.S.C. § 2255. (ECF No. 13.) For the reasons stated below, the § 2255 Motion is DENIED and DISMISSED.

---

[1] Mail sent to Movant at the United States Penitentiary in Beaumont, Texas was returned as undeliverable on February 7, 2024. (ECF No. 14.) Movant has not provided the Court with a new mailing address.

I.  **BACKGROUND**

On September 29, 2016, a federal grand jury returned an indictment charging Movant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cr. No. 16-20218, ECF No. 1 at PageID 1.) The indictment stated that Movant, "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is a Glock .45 caliber pistol, in violation of Title 18, United States Code, Section 922(g)(1)." (*Id.*) A trial was set for November 6, 2017. (ECF No. 42.)

On November 1, 2017, Movant filed Defendant's Motion to Continue and Set Change of Plea Hearing because Movant "has decided that he wishes to change his plea rather than go to trial." (ECF No. 43 at PageID 61.) The Court cancelled the trial setting and set a change of plea hearing. (ECF No. 44.) On November 6, 2017, Movant said he wanted to proceed to trial. (ECF No. 46.)

On November 7, 2017, Movant again said he wanted to change his plea, and the Court held a change of plea hearing at which Movant entered a guilty plea to Count One without a plea agreement. (ECF Nos. 47-48; *see* ECF No. 72 at PageID 164, 166-94.) During the hearing, Movant said that he understood that it was illegal for him to have a gun "'Cause I'm a felon. I know that." (*Id.* at PageID 175.)

On March 28, 2018, the sentencing hearing began and was continued. (ECF No. 57.) On July 12, 2018, because of a potential conflict of interest, the Court allowed the Federal Public Defender to withdraw, and Arthur Quinn was appointed defense counsel. (ECF Nos. 66 & 67.)

On October 4, 2018, Movant filed a motion to withdraw his guilty plea. (ECF No. 76.) He alleged that his previous attorney, David Bell, had constantly pressured him to enter a guilty plea

2

and that Bell "effectively guaranteed" that the sentencing guidelines' "cross references" would not apply. (*Id.* at PageID 355-56.) On January 9, 2019, the Court denied the motion. (ECF No. 87.)

On February 5, 2019, the Court sentenced Movant to 110 months in prison, to be followed by three years of supervised release. (*See* ECF No. 92 at PageID 411-13.)

On February 15, 2019, Movant appealed the denial of his motion to withdraw his plea. (ECF No. 94.) On January 23, 2020, the Sixth Circuit affirmed. (ECF No. 107.)

## II.    THE § 2255 MOTION

Movant alleges, based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that: 1) he is actually innocent of a crime against the United States; 2) the Court lacked subject matter jurisdiction; 3) Movant has been imprisoned for a "non-crime"; and 4) the guilty plea was not knowing, intelligent, and voluntary. (Civ. No. 21-2158, ECF No. 1 at PageID 4-5; *see* ECF No. 1-1 at PageID 14-54.) Movant seeks to leave to supplement his petition with a claim of ineffective assistance of counsel on appeal. (ECF No. 11 at PageID 100.) He argues that his counsel's performance on appeal fell below an objective standard of reasonableness because: 1) Movant informed counsel that Movant did not know the gun he possessed had affected interstate commerce; 2) Movant attempted to withdraw his guilty plea; 3) Movant instructed counsel to raise a *Rehaif* claim on appeal; and 4) counsel should have asserted that Movant's guilty plea be vacated in light of *Rehaif*. (*Id.* at PageID 100-102.)

The Government addressed the ineffective assistance of appellate counsel claim on the merits. (*See* ECF No. 13.) The Court will consider the merits of the claim in its resolution of the § 2255 Motion.

## III.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

3

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Grant*, 72 F.3d at 506.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v.*

4

*United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**IV.   ANALYSIS**

In *Rehaif*, 139 S. Ct. at 2200, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2] The defendant in *Rehaif* had been convicted of violating 18 U.S.C. § 922(g)(5)(A), which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States." The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g). On appeal, the defendant argued that the trial judge had erred

---

[2] "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020), quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

5

in instructing the jury that the defendant did not need to know that he was in the country unlawfully. *Rehaif*, 139 S. Ct. at 2195. The Supreme Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96. The word "knowingly" does not apply to the jurisdictional element, but it applies to the remaining elements. *Id.* at 2196. The Supreme Court said that "[w]e express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200.

Movant argues that "[t]o have the required mens rea of committing [a § 922(g) violation], one must have knowledge that ever[y] essential element is present during the time of actual possession." (ECF No. 1-1 at PageID 19-20.) Movant contends that the Government must prove the mens rea for each element, including the jurisdictional element, beyond a reasonable doubt. (*Id.* at PageID 20.) Movant asserts that the Government never alleged or proved that he knew that the firearm he possessed affected interstate commerce or that he was in the category of persons prohibited from possessing a firearm.[3] (*Id.* at PageID 21.)

Movant contends that the Court did not establish subject matter jurisdiction under 18 U.S.C. § 3231 because: 1) a valid indictment was not returned 2) an offense against the United States was never alleged; 3) the indictment failed to state a material element of the offense; and 4)

---

[3] In Movant's reply, he contends that he is actually innocent of being a felon in possession of a firearm under 18 U.S.C. § 922(g) because "he lacked knowledge of the material fact the gun posses[s]ed previously affected interstate commerce." (ECF No. 11 at PageID 93, 97-99.) *Rehaif* does not attach the knowledge requirement to the jurisdictional element of § 922(g). *Rehaif*, 139 S. Ct. at 2196. A defendant does not have to know that the gun affected interstate commerce. That aspect of Movant's *Rehaif* claim is without merit.

6

the Court committed structural error by accepting the guilty plea to a non-offense. (*Id.* at PageID 22-25, 27, 29, 44.) He contends that structural error requires that his guilty plea and judgment be set aside. (*Id.* at PageID 29, 38, 43-44, 51, 54; ECF No. 11 at PageID 93.)

In support of the § 2255 Motion, Movant has filed a document purporting to be an affidavit stating that he

> did not know he was in the status of violating the federal criminal statute section 922(g) at the time he possessed the firearm in Criminal No. 2:16-CR-20218. Because: (1) he had no knowledge that he was in the status of being a prohibited person under federal law from possessing a firearm; (2) he had no knowledge the firearm he possessed violated interstate commerce.

(ECF No. 1-2.)

### A. Procedural Default & Actual Innocence

A § 2255 claim is procedurally defaulted if the defendant could have but did not raise the claim on direct appeal. *See Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). To obtain review of a procedurally defaulted claim, a movant must demonstrate either cause for the default and actual prejudice or that he is actually innocent. *Vanwinkle*, 645 F.3d at 369. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *See Bousley*, 523 U.S. at 623; *see Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022) (actual innocence can overcome procedural default if it is more likely than not that no reasonable juror would have convicted the defendant at trial).

*Rehaif* was decided in June 2019, after the trial court had entered judgment and while the case was on appeal at the Sixth Circuit. Respondent argues that Movant has procedurally defaulted his claims because he did not raise any *Rehaif*-based claims during his criminal case or on direct appeal. (ECF No. 8 at PageID 69-74.) Respondent contends that the question presented in *Rehaif* was thoroughly and repeatedly litigated for over three decades and does not qualify as a novel

legal claim. (*Id.* at PageID 70.) Respondent asserts that Movant cannot show actual prejudice to overcome the procedural default because, had Movant raised his *Rehaif* argument at trial, the Government would have been able to establish Movant's knowledge of his status beyond a reasonable doubt. (*Id.* at PageID 71.)

Respondent argues that Movant cannot make a threshold showing of actual innocence because he cannot show that no reasonable juror, who had been instructed on the requirements of *Rehaif*, would have convicted Movant where Movant had multiple prior felony convictions. (*Id.* at PageID 72.) Respondent provides state court judgments for Movant's four prior felony convictions including:

1. A 2007 Tennessee conviction for reckless endangerment with a deadly weapon, a Class E felony;

2. A 2013 Tennessee conviction for filing a false report, a Class E felony;

3. A 2014 Tennessee conviction for aggravated assault, a Class C felony; and

4. A 2014 Tennessee conviction for possession of marijuana with the intent to manufacture, delver, or sell, a Class E felony.

(*Id.* at PageID 72-73; *see* ECF No. 8-1; *see also* Cr. No. 16-20218, Presentence Investigation Report ("PSR") ¶¶ 36, 47, 48, ECF No. 53 at PageID 115, 119-120.) Those judgments clearly state that the convictions are felony convictions, and Movant signed the judgments. (*See* Civ. No. 21-2158, ECF No. 8-1 at PageID 77, 79, 81, 83.)

Respondent notes that Movant did not object to the prior felonies at sentencing and admitted to a probation officer that on June 22, 2016, he "possessed a firearm, which violated the law of the United States of America because [he] had previously been convicted of a felony." (ECF No. 8 at PageID 73; *see* Cr. No. 16-20218, ECF No. 52; *see id,* PSR ¶ 11, ECF No. 53 at PageID 110.) Respondent asserts that it defies common sense to believe that Movant did not know

of his prior felony convictions when he possessed the gun.  (Civ. No. 21-2158, ECF No. 8 at PageID 73.)

The Sixth Circuit has held that *Rehaif* required Movant to know only that he was a felon. *Wallace*, 43 F.4th at 607.  Movant, who is in fact a felon, has difficulty showing that, given his convictions and state incarceration, no reasonable juror would have convicted him on the § 922(g) charge at trial.  Movant has not demonstrated actual innocence.  His claims are procedurally defaulted.

### B.  Subject Matter Jurisdiction

Movant argues that he has been charged and convicted of a non-crime and that the Court lacks jurisdiction.  (*See* ECF No. 1 at PageID 4-5; *see* ECF No. 1-1 at PageID 22--24.)  Respondent argues that Movant cannot show that any *Rehaif* error had a substantial and injurious effect on the outcome of the proceedings because a jury could infer that Movant knew he was a felon at the time he possessed the gun.  (*Id.* at PageID 74-76.)  Relying on *United States v. Cotton*, 535 U.S. 625, 630 (2002), and *United States v. Raymore*, 965 F.3d 475, 485-87 (6th Cir. 2020), Respondent disputes Movant's argument that the Court was divested of jurisdiction due to *Rehaif* error.  (*Id.* at PageID 74.)  Respondent also relies on *United States v. Ward*, 957 F.3d 691, 694 (6th Cir. 2020), to argue that there was not a fundamental defect that resulted in a complete miscarriage of justice. (*Id.* at PageID 74-75.)

Defects in the indictment are not jurisdictional because they do not deprive courts of the power to adjudicate a criminal case.  *See Cotton*, 535 U.S. at 630.  In *United States v. Hobbs*, 953 F.3d 853, 856–57 (6th Cir. 2020), the Sixth Circuit rejected the argument that the failure to allege the status element of § 922(g) in the indictment deprived the court of subject matter jurisdiction. *See United States v. Watson*, 820 F. App'x 397, 399 (6th Cir. 2020); *see also United States v. Lee*,

9

834 F. App'x 160, 166 (6th Cir. 2020) ("a pre-*Rehaif* indictment that that does not contain the knowledge-of-status element does not necessarily fail to properly charge a violation of 18 U.S.C. § 922(g)"), *cert. denied Lee v. United States*, No. 20-7859, 20201 WL 2637931 (June 28, 2021); *Ward*, 957 F.3d at 694–95. The Sixth Circuit has held that, even where the indictment fails to set forth the knowledge requirement under *Rehaif*, the omission does not seriously affect the fairness or integrity of the judicial proceedings given admissions, stipulations, and other evidence that the crime was, in fact, committed. *See Raymore*, 965 F.3d at 485–87. The Sixth Circuit has also found an indictment to be sufficient where it did not cite 18 U.S.C. § 924(a)(2). *See United States v. Bonds*, No. 18-6085, 2020 WL 10140798, at *1 (6th Cir. June 17, 2020); *see United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020) (indictment that did not charge § 924(a)(2) did not deprive court of jurisdiction because § 922(g) is the criminal offense and § 924(a) "is confined to stating the penalties for violating 18 U.S.C. § 922(g)"). Movant's claim that the Court lacks jurisdiction based on defects in the indictment is without merit.

### C. The Plea

Movant argues that the guilty plea was not knowing, intelligent, and voluntary because he did not know the essential elements of the offense. (ECF No. 1 at PageID 4-5; *see* ECF No. 1-1 at PageID 29-34.)

The United States Supreme Court in *Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021), held that a *Rehaif* error in jury instructions or a plea colloquy is not a structural error and does not affect the entire framework of the criminal proceeding. The court said, "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 2100. The court held that, on plain error review on appeal, the

court "may consider the *entire* record." *Id.* at 2098. The court addressed the difficulty that convicted felons face in overcoming *Rehaif* error:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. . . . In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 141 S. Ct. at 2097.

In the instant case, Movant argues that he did not know his status. That statement contradicts his statement at the change of plea hearing that it was illegal for him to have a gun "'Cause I'm a felon. I know that" (*see* Cr. No. 16-20218, ECF No. 72 at PageID 175) and his admission to a probation officer that he "possessed a firearm, which violated the law of the United States of America because [he] had previously been convicted of a felony" (*see* ECF No. 53 at PageID 110.) Movant has an extensive criminal record and had served several years in prison before the incident that gave rise to his federal conviction. He signed the state court judgments for his state felony convictions. He cannot now argue successfully that he lacked knowledge of his status.

*Greer* establishes that *Rehaif* error is not structural. Movant was "in fact a felon" when this crime was committed, and he has no avenue for relief. *See United States v. Clements*, 20201 WL 2646114, at *2-3 (E.D. Mich. June 28, 2021) (rejecting *Rehaif* claim because *Rehaif* is not retroactive on collateral review, *Rehaif* error is not structural, and the claim is untimely when not

11

filed within one year of the deadline for appeal); *see United States v. Mata*, No. 14-CR-156(1) (SRN), 2021 WL 2435830, at *5 (D. Minn. June 15, 2021) (rejecting *Rehaif* claim on collateral review where defendant "does not affirmatively state that he was unaware of his status" and noting that prior convictions are substantial evidence that the defendant knew he was a felon); *see Abram v. McConnell*, 3 F.4th 783, 785-87 (5th Cir. 2021) (stating, based on *Greer*, that convicted felons typically know they are felons, that the failure to argue that defendant was unaware of his felony status is fatal, and denying habeas relief where Abram relied on the theory that he was convicted of a nonexistent offense); *see United States v. Crawley*, No. 4:15CR00001, 2021 WL 2910724, at *2–3 (W.D. Va. July 12, 2021) (denying § 2255 motion where defendant did not demonstrate actual innocence or actual prejudice from the alleged *Rehaif* error). Given the clear evidence that Movant knew about his felony status when he possessed the gun, Movant has not shown that he is entitled to relief on collateral review.

### D. Ineffective Assistance of Appellate Counsel

Movant asserts ineffective assistance of counsel on appeal. (ECF No. 11 at PageID 100.) He argues that his counsel's performance on appeal fell below an objective standard of reasonableness because: 1) Movant informed counsel that Movant did not know the gun he possessed had affected interstate commerce; 2) Movant attempted to withdraw his guilty plea; 3) Movant instructed counsel to raise a *Rehaif* claim on appeal; and 4) counsel should have asserted that his guilty plea be vacated in light of *Rehaif*. (*Id.* at PageID 100-102.) Respondent asserts that appellate counsel was not constitutionally effective because: there was "no basis for the Sixth Circuit under plain error review to allow Lewis to withdraw his guilty plea based on *Rehaif,* as any *Rehaif* error did not affect his substantial rights." (*See* ECF No. 13 at PageID 113-115.)

To prevail on a claim of ineffective assistance of counsel, Movant must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and resulted in prejudice, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see Johnson v. United States*, 64 F.4th 715, 729 (6th Cir. 2023). The United States Supreme Court in *Davila v. Davis*, 582 U.S. 521, 533 (2017), explained that "[e]ffective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." Declining to raise a claim on appeal is not deficient performance "unless that claim was plainly stronger than those actually presented to the appellate court." *Id.* at 533. Appellate counsel was not deficient for failing to raise Movant's *Rehaif*-based arguments because they were not winning arguments. *See Gilbert v. United States*, 64 F.4th 763, 778 (6th Cir. 2023). Movant cannot show prejudice from appellate counsel's failure to assert those claims. *Id.*

## V. CONCLUSION

Movant's *Rehaif*-based claims are procedurally defaulted and without merit. For those reasons, the § 2255 Motion is DENIED. Judgment shall be entered for the United States.

## VI. APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant

13

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). In this case, for the reasons previously stated, Movant's claims are procedurally defaulted and without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952.

Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant

to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.  If Defendant files a notice of appeal, he must also pay the full $605 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

IT IS SO ORDERED this 13th day of February, 2024.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE